UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | | |
|---|---|---|
| LEVORN HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| -against- | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| THE CITY OF NEW YORK; UNDERCOVER | ) | |
| OFFICER # C0245; DETECTIVE BENNIE | ) | |
| VANCE, SHIELD # 6561; DETECTIVE PAUL | ) | |
| RIVERA, SHIELD # 1283; DETECTIVE | ) | |
| RICARDO MANTILLA, SHIELD # 523; | ) | |
| DETECTIVE SANTOS LIZ, SHIELD # 2656; | ) | |
| DETECTIVE WILLIAM VARGAS, SHIELD | ) | |
| # 6905; JOHN DOES; and RICHARD ROES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff LEVORN HARDY seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by

the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other

and further relief as this court deems equitable and just.

1

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on January 5, 2016, within 90 days of the dismissal of the charges against him.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants UNDERCOVER OFFICER # C0245; DETECTIVE BENNIE VANCE, SHIELD # 6561; DETECTIVE PAUL RIVERA, SHIELD # 1283; DETECTIVE RICARDO MANTILLA, SHIELD # 523; DETECTIVE SANTOS LIZ, SHIELD # 2656; DETECTIVE WILLIAM VARGAS, SHIELD # 6905; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants UNDERCOVER OFFICER # C0245; DETECTIVE BENNIE VANCE, SHIELD # 6561; DETECTIVE PAUL RIVERA, SHIELD # 1283; DETECTIVE RICARDO MANTILLA, SHIELD # 523; DETECTIVE SANTOS LIZ, SHIELD # 2656; DETECTIVE WILLIAM VARGAS, SHIELD # 6905; and JOHN DOES are sued individually.

10.     Defendants UNDERCOVER OFFICER # C0245; DETECTIVE BENNIE VANCE, SHIELD # 6561; DETECTIVE PAUL RIVERA, SHIELD # 1283; DETECTIVE RICARDO MANTILLA, SHIELD # 523; DETECTIVE SANTOS LIZ, SHIELD # 2656; DETECTIVE WILLIAM VARGAS, SHIELD # 6905; and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants UNDERCOVER OFFICER # C0245; DETECTIVE BENNIE VANCE, SHIELD # 6561; DETECTIVE PAUL RIVERA, SHIELD # 1283; DETECTIVE RICARDO MANTILLA, SHIELD # 523; DETECTIVE SANTOS LIZ, SHIELD # 2656; DETECTIVE WILLIAM VARGAS, SHIELD # 6905; and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.    On May 17, 2014, approximately 2:15 a.m., Plaintiff was on 42nd Street between 8th and 9th Avenues.

12.    Plaintiff – who at that point in his life was a user of crack cocaine - was at that location at that time to smoke some crack cocaine.

13.    Plaintiff had just purchased $60 worth of crack cocaine at that location.

14.    Plaintiff did not sell any drugs to anyone at that time and place, and – other than being the purchaser of $60 worth of crack cocaine as set forth above - had nothing whatsoever to do with the sale of any drugs to anyone at that time and place.

15.    Shortly after Plaintiff's purchase of the crack cocaine he was stopped by two JOHN DOES members of the NYPD, on information and belief Defendants RIVERA and LIZ, who tackled Plaintiff as he tried to run away from them, and placed him under arrest.

16.    On information and belief, Defendants UNDERCOVER OFFICER # C0245, VANCE, MANTILLA, and VARGAS were also part of the NYPD operation at that place and time.

17.    Plaintiff was taken by Defendants to the Midtown South Precinct, and thereafter to Manhattan Central Booking.

18.    Plaintiff was arraigned and – because Plaintiff was falsely accused not only of possessing drugs (which was true), but also falsely accused of selling drugs - bail was set at $50,000 bond / $25,000 cash, which Plaintiff could not make.

19.    Defendant LIZ is the deponent on the Criminal Court Complaint that was lodged against Plaintiff and three co-defendants, and that falsely charged him with Criminal Possession of

5

a Controlled Substance in the Third Degree (a Felony) and with Criminal Sale of a Controlled Substance in the Third Degree (also a Felony).

20.    The Criminal Court Complaint also charged Plaintiff with Criminal Possession of a Controlled Substance in the Seventh Degree (a Misdemeanor).  Only this last charge was legitimate.

21.    The Criminal Court Complaint falsely alleged that Defendant LIZ is informed by UNDERCOVER OFFICER # C0245 that Plaintiff and his co-defendants were acting in concert to sell crack cocaine to two other individuals and that sets forth certain drug-related interactions that UNDERCOVER OFFICER # C0245 allegedly observed.  UNDERCOVER OFFICER # C0245 falsely alleged, *inter alia*, that, as part of those interactions that one of Plaintiff's co-defendants gave money to Plaintiff and that Plaintiff gave small objects to his co-defendant.

22.    These allegations, as they relate to Plaintiff, are lies.

23.    Other than Plaintiff handing $60 to someone at that time and location and receiving a small amount of crack cocaine from that person for his personal use, Plaintiff did not participate in any other exchanges of money or objects, and had nothing to do with any attempt to sell drugs to anyone at that time and location.

24.    Plaintiff, unable to make bail, spent the next 19 months in custody due to the false charges that had been lodged against him by Defendants.

25.    Plaintiff was indicted, and falsely charged with two counts of engaging in a direct sale of drugs to two individuals, of possession of drugs with intent to sell, and of possession of a significant amount of drugs that one of his co-defendants had on his person.  All of these charges are felonies.

6

26.     Plaintiff went to trial, and was acquitted on all of the false felony charges that had

been lodged against him by a jury on December 15, 2015.

27.     Plaintiff was convicted only on the misdemeanor Criminal Possession of a

Controlled Substance in the Seventh Degree charge, and was sentenced to six months.

28.     Plaintiff had already served his six months (four actual months, with good time

credits), and was released following his acquittal.

29.     Plaintiff thus was wrongfully deprived of his liberty for 15 months due to the false

felony drug sale charges that were lodged against him by the Defendants.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

30.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

31.     By their conduct and actions in maliciously prosecuting plaintiff, abusing process

against plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of

plaintiff, fabricating evidence / false statements against plaintiff, and failing to intercede on behalf

of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional

treatment he received at the hands of other defendants, UNDERCOVER OFFICER # C0245,

VANCE, RIVERA, MANTILLA, LIZ, VARGAS, JOHN DOES and/or RICHARD ROES,

acting under color of law and without lawful justification, intentionally, maliciously, and with a

deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed

under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

32.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

33.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

34.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants UNDERCOVER OFFICER # C0245, VANCE, RIVERA, MANTILLA, LIZ, VARGAS, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

35.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

36.      The plaintiff incorporates by reference the allegations set forth in all previous
Paragraphs as if fully set forth herein.

37.      At all times material to this complaint, defendant THE CITY OF NEW YORK,
acting through its police department, and through the individual defendants had de facto policies,
practices, customs and usages which were a direct and proximate cause of the unconstitutional
conduct alleged herein.

38.      At all times material to this complaint, defendant THE CITY OF NEW YORK,
acting through its police department, and through the individual defendants, had de facto policies,
practices, customs, and usages of failing to properly train, screen, supervise, or discipline
employees and police officers, and of failing to inform the individual defendants' supervisors of
their need to train, screen, supervise or discipline said defendants.  These policies, practices,
customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged
herein.

39.      At all times material to this complaint, the defendant THE CITY OF NEW YORK,
acting through its police department and through the individual defendants, had de facto policies,
practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other
law enforcement officers' misconduct, through the fabrication of false accounts and evidence
and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a
direct and proximate cause of the unconstitutional conduct alleged herein.

40.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and over-charging for crimes which had not been committed, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

41.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

42.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

43.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

44.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

45.     The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

46.     By the actions described above, defendants maliciously prosecuted plaintiff

without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

47.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and

was otherwise damaged and injured.


WHEREFORE, plaintiff demands the following relief jointly and severally against all of

the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

        c.  The convening and empaneling of a jury to consider the merits of the claims

herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            March 13, 2017

                                    _____/S/_____
                                    Jeffrey A. Rothman, Esq.
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980

                                    Toni Messina, Esq.
                                    100 Lafayette Street, Suite 502
                                    New York, NY 10013

                                    Attorneys for Plaintiff